10-315-ag
Linda v. Holder

BIA
Straus, IJ
A094 496 188

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of January, two thousand eleven.

PRESENT:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

LILI LINDA,

> *Petitioner*,

> v.                                              10-315-ag
>                                                 NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONER:          H. Raymond Fasano, Madeo & Fasano,
                         New York, N.Y.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Ernesto H. Molina, Jr.,
                         Assistant Director; Yanal Yousef,
                         Trial Attorney, Office of

Immigration Litigation; U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Lili Linda, a native and citizen of Indonesia, seeks review of a December 29, 2009 decision of the BIA affirming the March 31, 2008 decision of Immigration Judge ("IJ") Michael W. Straus, which denied Linda's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lili Linda,* No. A094 496 188 (BIA Dec. 29, 2009), *aff'g* No. A094 496 188 (Immig. Ct. Hartford Mar. 31, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008)(internal quotation marks omitted). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Bah v. Mukasey*, 529 F.3d 99, 110 (2d

2

Cir. 2008)*; Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir. 2008).

As an initial matter, Linda waives any challenge to the agency's determination that she failed to demonstrate past persecution or her eligibility for withholding of removal or CAT relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Therefore, the sole issue is whether Linda demonstrated a well-founded fear of future persecution based on her claim that there exists in Indonesia a pattern and practice of persecution of Chinese Christians.

Contrary to Linda's argument, there is no indication that the BIA ignored any material evidence that she submitted. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (recognizing that the Court has rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (internal quotation marks omitted)); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

3

In fact, in affirming the IJ's decision, the BIA agreed with the IJ's extensive evaluation of the evidence and conclusion that Linda failed to establish a well-founded fear of persecution. Moreover, the agency reasonably found that, although there is some discrimination against ethnic Chinese in Indonesia, such discrimination appears to be declining and is not sufficient to support Linda's claim of a well-founded fear of persecution on account of her ethnicity. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (holding that the evidence supported a determination that there was no pattern or practice of persecution of ethnic Chinese in Indonesia). The agency also reasonably acknowledged that incidents of violence between Muslims and Christians in Indonesia continue, but that such violence did not occur countrywide and that a large percentage of the population is Christian. *See id*. Thus, the agency did not err in concluding that Linda had failed to establish a well-founded fear of future persecution. *See id.; see also Jian Hui Shao*, 546 F.3d at 171 (recognizing that this Court does not "attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency").

Accordingly, we find no error in the agency's denial of

Linda's application for asylum insofar as it was based on her claim of a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(2).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5